UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; and IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, | ) ) ) ) ) ) ) | CASE NO.: 4:18-cv-2032 JUDGE: |
| Plaintiffs, | ) ) | MAG. JUDGE: |
| vs. | ) ) | |
| BUMPY'S STEEL ERECTION LLC, an Illinois Limited Liability Company, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, and the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant BUMPY'S STEEL ERECTION LLC, and in support, allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 29 U.S.C. § 1132(e)(2) in that the Trust Funds are administered within the jurisdiction of the United

1

States District Court, Eastern District of Missouri, Eastern Division.

## PARTIES

3. The IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, and the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, the "Trust Funds" or "Plaintiffs") receive contributions from numerous employers pursuant to collective bargaining agreements, and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002.

4. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to 29 U.S.C. § 1132(a)(3), the Trust Funds are authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The Defendant Bumpy's Steel Erection LLC ("BSE") is an Illinois Limited Liability Company with its principal place of business in East St. Louis, Illinois.

## COUNT I
## BREACH OF COLLECTIVE BARGAINING AGREEMENTS

7. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. The Defendant is an employer engaged in an industry effecting commerce.

9. The Defendant entered into Collective Bargaining Agreements ("CBAs") with Local Union No. 46 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Ironworkers, Machinery Movers and Riggers ("Local 46"), Local No. 392, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers

2

("Local 392"), Local Union No. 396 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local 396"), and Local Union No. 577 of the International Association of Bridge, Structural and Ornamental Iron Workers ("Local 577").

10. On April 15, 2010, and again on October 22, 2010, and May 19, 2011, Defendant BSE entered into a Participation Agreements with the Trust Funds.  (The April 15, 2010 Participation Agreement is attached as **Exhibit 1)**; (The October 22, 2010 Participation Agreement is attached as **Exhibit 2**); (The May 19, 2011 Participation Agreement is attached as **Exhibit 3**).

11. Through the CBAs and Participation Agreements, Defendant BSE also became bound by the provisions of the Trust Agreements.

12. Pursuant to the CBAs and Trust Agreements, BSE is required to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds at the negotiated rates.

13. Pursuant to Article IX, Section 1 of the Trust Funds' respective Trust Agreements, contributing employers "shall promptly furnish to the Trustees, on demand, such payroll records and data they have with respect to the individual Employees benefiting from this Agreement and Declaration of Trust that the Trustees may require in connection with the administration of the Trust . . . ."

14. Pursuant to the Trust Agreements, the Trust Funds adopted a Uniform Policy on Delinquent Employer Contributions ("Delinquent Contributions Policy").

15. Pursuant Section D, Paragraph 1 of the Delinquent Contribution Policy, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a

timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount of unpaid contributions and interest at the rate of one and one-half percent (1.5%) per month compounded monthly unless the applicable CBA explicitly states otherwise.

16. Pursuant to Section 502(g)(2) of ERISA and the Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds shall be responsible for payment of attorney's fees and costs associated with the collection of the delinquent contributions.

17. A recently completed audit for the period of January 1, 2014, through December 31, 2016, revealed that BSE owes the aggregate amount of $23,939.79 in contributions for the audit period on behalf of its employees performing work within the jurisdiction of Local 46.

18. As a result of the audit deficiencies owed by BSE on behalf of its employees performing work within the jurisdiction of Local 46, liquidated damages have been assessed in the aggregate amount of $2,454.53 and interest has accrued in the amount of $12,442.19.

19. A second recently completed audit for the period of January 1, 2014, through December 31, 2016, revealed that BSE owes the aggregate amount of $115,972.61 in contributions for the audit period on behalf of its employees performing work within the jurisdiction of Local 392.

20. As a result of the audit deficiencies owed by BSE on behalf of its employees performing work within the jurisdiction of Local 392, liquidated damages have been assessed in the amount of $11,621.10 and interest has accrued in the amount of $55,561.41.

21. A third recently completed audit for the period of January 1, 2014, through December 31, 2016, revealed that BSE owes the aggregate amount of $88,358.09 in contributions for the

        audit period on behalf of its employees performing work within the jurisdiction of Local 396.

22.    As a result of the audit deficiencies owed by BSE on behalf of its employees performing work within the jurisdiction of Local 396, liquidated damages have been assessed in the amount of $9,875.58 and interest has accrued in the amount of $28,079.08.

23.    A fourth recently completed audit for the period of January 1, 2014, through December 31, 2016, revealed that BSE owes the aggregate amount of $25,428.33 in contributions for the audit period on behalf of its employees performing work within the jurisdiction of Local 577.

24.    As a result of the audit deficiencies owed by BSE on behalf of its employees performing work within the jurisdiction of Local 577, liquidated damages have been assessed in the amount of $2,542.83 and interest has accrued in the amount of $9,398.96.

25.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from BSE.

26.    Plaintiffs have complied with all conditions precedent in bringing this suit.

27.    BSE is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A.    That Judgment be entered in favor of Plaintiffs and against Defendant BSE for unpaid audit deficiencies in the aggregate amount of $23,939.79 owed on behalf of its employees performing work within the jurisdiction of Local 46;

B.    That Judgment be entered in favor of Plaintiffs and against Defendant BSE for unpaid

      liquidated damages in the amount $2,454.53 and interest in the amount of $12,442.19 owed on behalf of its employees performing work within the jurisdiction of Local 46;

C. That Judgment be entered in favor of Plaintiffs and against Defendant BSE for unpaid audit deficiencies in the aggregate amount of $115,972.61 owed on behalf of its employees performing work within the jurisdiction of Local 392;

D. That Judgment be entered in favor of Plaintiffs and against Defendant BSE for unpaid liquidated damages in the amount $11,621.10 and interest in the amount of $55,561.41 owed on behalf of its employees performing work within the jurisdiction of Local 392;

E. That Judgment be entered in favor of Plaintiffs and against Defendant BSE for unpaid audit deficiencies in the aggregate amount of $88,358.09 owed on behalf of its employees performing work within the jurisdiction of Local 396;

F. That Judgment be entered in favor of Plaintiffs and against Defendant BSE for unpaid liquidated damages in the amount $9,875.58 and interest in the amount of $28,079.08 owed on behalf of its employees performing work within the jurisdiction of Local 396;

G. That Judgment be entered in favor of Plaintiffs and against Defendant BSE for unpaid audit deficiencies in the aggregate amount of $25,428.33 owed on behalf of its employees performing work within the jurisdiction of Local 577;

H. That Judgment be entered in favor of Plaintiffs and against Defendant BSE for unpaid liquidated damages in the amount $2,542.83 and interest in the amount of $9,398.96 owed on behalf of its employees performing work within the jurisdiction of Local 577;

I. That Judgment be entered in favor of Plaintiffs and against Defendant BSE for any other contributions, liquidated damages, interest, and/or auditor fees found to be due and owing in addition to the amounts referenced in paragraphs A through H above;

J.	That Defendant BSE be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. § 1132(g)(2)(E); and

K.	That this Court grant the Plaintiffs any other relief that this Court deems to be just and equitable pursuant to 29 U.S.C. § 1132(a)(3) or otherwise.

                                                             Respectfully Submitted,

                                                             **IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND** *et al.*

                                                             /s/ Joseph E. Mallon
                                                            *One of Plaintiffs' Attorneys*

Joseph E. Mallon
(IL ARDC No. 6280529)
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
mallon@johnsonkrol.com
(312) 372-8587