UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, et al., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    Case No. 4:18CV2032 HEA<br>) |
| BUMPY'S STEEL ERECTION, LLC, | )<br>) |
| Defendant. | ) |

# OPINIONS, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 15]. Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss [Doc. No. 16], to which Defendant did not reply.

## Background

Plaintiffs Iron Workers St. Louis District Council Pension Trust, Iron Workers St. Louis District Council Annuity Trust, and Iron Workers St. Louis District Council Welfare Plan ("Plaintiffs") filed a Complaint against Defendant Bumpy's Steel Erection, LLC ("Defendant") under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs allege that Defendant is delinquent in paying contributions to Plaintiffs' retirement funds on behalf of employees working in several Iron

Workers Local Unions' jurisdictions. Plaintiffs allege that these deficiencies were identified by audits of Defendant's financial records, and allege the specific amounts owed with respect to each local union's jurisdiction.

In its Motion to Dismiss the Complaint, Defendant states, *inter alia*, that:

> Defendant is not delinquent in its fringe benefit contributions, and in fact has "overpaid" its fringe benefit contributions, and accordingly, moves to dismiss Plaintiff's complaint.

Defendant does not name the grounds on which it moves to dismiss. The Court has determined from Defendant's Motion that it should be construed under Rule 12(b)(6) for failure to state a claim.

## Discussion

When considering a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). To survive a motion to dismiss, Plaintiff's claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In its Motion to Dismiss, Defendant alleges that it has paid certain amounts to other Iron Workers local unions that were not named in Plaintiffs' Complaint.

Defendant argues that overpayments to those local unions offset any deficiencies claimed by Plaintiffs. It also alleges that Plaintiffs improperly computed the deficiencies by including employees who performed only executive or administrative work. An evaluation of these arguments is dependent on the determination of whether the delinquent amounts pleaded by Plaintiffs in the Complaint are accurate. Because it is the Court's duty to accept as true the allegations in the Complaint on a motion to dismiss, it is improper to make such a factual determination at this point in the proceedings.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the Complaint, not to resolve factual issues. The Court must assume the truth of Plaintiffs' allegations at this time, rendering Defendant's Motion inapt. The allegations in the Complaint set forth a plausible claim under ERISA, and so Defendant's Motion to Dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 15] is **DENIED**.

Dated this 25th day of July, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE